## In Re John Bosco

*John Bosco, p.p.,* for appellant.
*Hershel Richman,* contra.

WATERS, Member, October 5, 1972.—This matter

of a sewage treatment facility permit by the Department of Environmental Resources to the Western Wayne School Authority of Wayne County.

The treatment facility is for a new school under construction on land adjacent to the property of appellant, John Bosco. Water and other substances wash down to a stream on the Bosco property and it is alleged that the stream and pond nearby are rendered unfit for fishing by this runoff from the school property, although the treatment facility is not yet in operation.

## FINDINGS OF FACT

1. Appellant, John Bosco, is the owner of land adjoining the property of Western Wayne School Authority, permittee under permit no. 6469401 issued for the construction and operation of a sewage treatment facility for a new school.

2. Western Wayne School Authority of Wayne County was issued permit no. 6469401 on October 14, 1969, for a sewage treatment facility for a new school to be constructed by it.

3. The effluent from the treatment facility is to be discharged 500 feet above the property of appellant, John Bosco, into a stream which goes onto said property.

4. The facility approved by the department under the permit must provide for 93 percent total biological oxygen demand removal and less than point 2 milligrams per liter total phosphorous and less than 20 milligrams per liter suspended solids.

5. Appellant has found a diminution of the number and kinds of fish which inhabit his pond over the last few years.

6. The water in appellant's pond has taken on a muddy color and his fishing pleasures have been reduced.

7. There has been a substantial runoff of soil from the permittee's construction site due to a long building delay over which it had no control.

8. Appellant believes that the chemistry laboratories and other facilities at the school when in operation, will cause added pollution to his pond.

9. Appellant desires to be compensated in some way for the changed condition of his fishing pond.

## CONCLUSIONS OF LAW

1. The Environmental Hearing Board has jurisdiction of the parties and subject matter.

2. Permit no. 6469401 was properly issued to the Western Wayne School Authority.

3. Any legal remedy for alleged damage from a sewage treatment facility suffered by appellant, John Bosco, must come after that facility is in operation and upon a showing of its improper operation.

4. Any legal remedy which would include a monetary award for property damage allegedly suffered by appellant, John Bosco, must come from a Court of Common Pleas in Wayne County, if at all.

## DISCUSSION

Mr. John Bosco, a long-time resident and property owner of Wayne County, comes before the board on appeal from the grant of a sewage treatment facility permit granted to his neighbor, the Western Wayne School Authority. Appellant had enjoyed fishing in his pond over a period of years, but has recently discovered substantial changes for the worse in that pond. Samples of the water were presented for the board's inspection, but this alone is of little value. A request was made to the department for an analysis of the water, but the

amount was too small for this to be done. Mr. Bosco did not provide any information on the actual contents of the water sample.

The problem that faces appellant is that his efforts are directed toward getting some recognition from the permittee who moved ahead with plans for construction of a large school almost in his backyard, without any consideration first being given to him. It is really this disregard which the permittee is alleged to have shown appellant more than the physical damage which led to this appeal.

The Environmental Hearing Board has no power or authority to award money damages to appellant under the facts of this appeal. A complaint in trespass could, of course, be filed by appellant in the courts of Wayne County and any rights that he has in the pond can there more properly be enforced or compensation obtained.

In Belin et al. v. Department of Environmental Resources, 5 Comm. Ct., 677, this problem was discussed and the court said, in upholding the permit issued by the department:

"This result does not mean that Sandvik is given a permit to do damage to the riparian owners of land abutting Ackerly Creek. What we have determined in this case is that the department properly issued a permit to Sandvik which will permit Sandvik to discharge its industrial waste waters under and subject to all of the conditions and requirements which are set forth in that permit. There is no evidence in the record of this case which would indicate that Sandvik's proposed operation under this permit will cause any damage or injury to the riparian owners on Ackerly Creek. If, for some unforeseen reason, the protestants are injured or damaged as a result of the discharge of these industrial waste waters, the protes-

tants will be adequately and legally protected under the laws of this Commonwealth."

We adopt a similar view. The department and the permittee have shown that none of the rules and regulations of the department have been violated in the granting of the permit in question.

## ORDER

And now, October 5, 1972, the appeal filed by John Bosco is hereby dismissed and permit no. 6469401 awarded by the department to Western Wayne School Authority is hereby sustained.